**Alford RAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36668.**

Court of Criminal Appeals of Texas.

March 18, 1964.

No attorney of record for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for felony theft; the punishment, enhanced under Art. 62, Vernon's Ann.P.C., by reason of a prior conviction for an offense of like character, ten years.

Thomas Michael McLaughlin, called as a witness by the state, testified that he was a store detective for Leonard Brothers Department Store in Fort Worth; that on the day in question, around 5 p. m., he saw appellant take two suits on hangers from a rack in the men's department of the store and immediately leave the store through a door, with them under his arm; that he followed appellant outside and stopped him after they had walked some thirty feet. The witness stated that when he stopped appellant with the two suits, he became belligerent, and with the aid of Officer Langley, who came to his assistance, he returned to the store with appellant and the suits.

Officer Langley, upon being called as a witness, gave testimony which corroborated that of the witness McLaughlin, which was, in substance, that on the occasion in question he saw the appellant walking on Houston Street with the two suits of clothes and being followed by McLaughlin and that he assisted him in returning appellant and the clothes to Leonard's store.

M. S. Leveridge, Jr., testified that on the day in question he was manager and buyer of Leonard's men's department and that he did not give the appellant or any-one else permission to take the two suits of clothes from the store "without proper authorization." Such term, the witness explained, meant either paying for the clothes or charging the same. He further testified that the two men's suits of clothes had a wholesale value of $78, and a retail value of $65, each.

The prior alleged conviction was stipulated by the parties.

As a witness in his own behalf, appellant admitted going into the store on the afternoon in question but denied that he went there to steal the clothes. He stated that his purpose in going into the store was to purchase two suits of clothes. In giving his version of the transaction, appellant testified that after trying to get the attention of a clerk who was waiting on someone else, he removed the two suits from the rack, walked to the door where there was more light to see the color, and that while looking at the clothes someone grabbed him and caused him to go out the door.

Appellant's mother, testifying in his behalf, stated that on the day in question she gave appellant some money to pay down on the purchase of a suit of clothes at Leonard Brothers store.

The jury, by their verdict, rejected appellant's testimony and accepted that of the state's witness and we find the evidence sufficient to sustain the judgment of conviction.

The record contains no formal bills of exception and there are no objections to the court's charge. No brief has been filed on behalf of appellant.

We have examined the informal bills of exception appearing in the statement of facts and find no reversible error.

The judgment is affirmed.

Opinion approved by the Court.